UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01258-SPG-JDE | Date | April 9, 2026 |
|---|---|---|---|
| Title | Jose Batista Aguilera v. Warden of the Adelanto Detention Center et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceeding:    (IN CHAMBERS) ORDER GRANTING PETITIONER'S REQUEST FOR A PRELIMINARY INJUNCTION [ECF NO. 4]**

Petitioner Jose Batista Aguilera ("Petitioner") seeks a preliminary injunction to prevent Respondents Warden, Adelanto Detention Center; Ernesto Santacruz, Jr.; Todd Blanche; Markwayne Mullin; and Todd Lyons ("Respondents")[1] from re-detaining him. *See* (ECF Nos. 4, 4-1). Until recently, Petitioner was detained at the Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California. *See* (Petition ¶ 13). On March 18, 2026, Petitioner filed a Motion for a Temporary Restraining Order, seeking an order to compel his release from custody, among other relief. *See* (ECF No. 4 ("Motion")). On March 25, 2026, the Court granted Petitioner's request for a temporary restraining order. *See* (ECF No. 11 ("TRO Order")). In connection with the TRO Order, the Court also ordered Respondents to show cause why the Court should not issue a preliminary injunction. *See* (*id.* at 9). Respondents have now filed a Response to the Court's order to show cause, *see* (ECF No. 12 ("Response")), and Petitioner has filed a Reply in support of the Court's issuance of a preliminary injunction, *see* (ECF No. 13 ("Reply")). Having considered the submissions, the record in this case, and the relevant law, the Court GRANTS Petitioner's request for a preliminary injunction.

**I.    Background[2]**

Petitioner is a Cuban national present in the United States. *See* (Petition ¶ 15). He

---

[1] The Petition for a Writ of Habeas Corpus named as Respondents Pamela Bondi and Kristi Noem in their official capacities as Attorney General and Secretary for the Department of Homeland Security. *See* (ECF No. 1 ("Petition")). Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Bondi and Ms. Noem are automatically substituted for Mr. Blanche and Mr. Mullin.

[2] The TRO Order sets forth more fully the facts alleged in the Petition and Application. The Court thus discusses only the facts that it deems relevant here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01258-SPG-JDE | Date | April 9, 2026 |
| Title | Jose Batista Aguilera v. Warden of the Adelanto Detention Center et al. | | |

entered the United States without inspection on or around March 14, 2022, and, upon entry, presented himself to officers from Customs and Border Patrol ("CBP"). *See* (*id.* ¶ 23). CBP arrested Petitioner and placed him in removal proceedings. *See* (*id.* ¶¶ 24-27). However, pending adjudication of a Notice to Appear, CBP released Petitioner on an Order of Release on Recognizance ("Order of Recognizance"). *See* (*id.* ¶¶ 26-27).

In 2025 or 2026, Respondents re-detained Petitioner. *See* (TRO Order at 2 n.1). According to the Petition, Respondents detained Petitioner without providing him notice of the reason for his detention or an opportunity to be heard. *See* (Petition ¶ 1). In custody, Respondents provided Petitioner with two bond hearings and, in both instances, an immigration judge denied Petitioner's request for release on bond. *See* (*id.* ¶ 32). In the Motion, Petitioner asserted that Respondents violated his right to due process by re-detaining him without providing him with notice and a pre-deprivation hearing. *See* (Petition ¶¶ 1, 65-78). Respondents did not oppose Petitioner's Motion for a Temporary Restraining Order. *See* (ECF No. 8 ("Notice of Non-Opposition")).

On March 25, 2026, the Court granted Petitioner's Motion. *See* (TRO Order). The Court explained that, based on the Order of Recognizance, Petitioner had a protected liberty interest against his re-incarceration. *See* (*id.* at 5). The Court then applied the balancing test articulated in *Matthews v. Eldridge*, 424 U.S. 319 (1976), and determined that Respondents violated Petitioner's right to procedural due process by not providing him with notice and a pre-deprivation hearing. *See* (TRO Order at 5-7). The TRO Order directed Respondents to immediately release Petitioner from custody and temporarily enjoined Respondents from re-detaining Petitioner unless they demonstrated during a pre-deprivation hearing before a neutral decisionmaker that there had been a material change in circumstances justifying Petitioner's re-detention. *See* (*id.* at 9). The Court further directed Respondents to show cause in writing why the court should not issue a preliminary injunction. *See* (*id.*).

In their Response, Respondents argue that Petitioner has been released from immigration custody and, therefore, his Petition is moot. *See* (Response at 2). In Reply, Petitioner claims that, following his release from custody, Petitioner reported to the Dallas Field Office for ICE, as required by his Order of Recognizance. *See* (ECF No. 13, Declaration of Olber Reyes). ICE required Petitioner to report to a nearby facility to adjust the GPS device in his electronic ankle bracelet and, upon exiting the facility, Petitioner was arrested by the Dallas Sheriff's Department. *See* (*id.*). Petitioner has submitted a record of his arrest, showing that he is being held on a charge titled "Illegal Alien." *See* (ECF No. 13 at 17). Petitioner argues that his arrest by the Dallas Sheriff's Department shows that his Petition is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01258-SPG-JDE | Date | April 9, 2026 |
| Title | Jose Batista Aguilera v. Warden of the Adelanto Detention Center et al. | | |

not moot. *See generally (id.).*[3]

## II.  Legal Standard

The standard for issuing a preliminary injunction is essentially the same as that for issuing a temporary restraining order. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). Thus, a petitioner may secure a preliminary injunction upon establishing that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[S]erious questions going to the merits and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction," so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

//
//

---

[3] Petitioner also argues that his re-arrest by the Dallas Sheriff's Department was "a clear and blatant effort to evade this Court's explicit order to afford . . . Petitioner a pre-deprivation hearing prior to taking him into custody" and that the Dallas Sheriff's Department acted as Respondent's "agent." (*Id.* at 2); *see also* Fed. R. Civ. P. 65(d)(2) (TROs bind the parties; their officers, agents, servants, employees, and attorneys; and all other persons in active concert or participation with the parties or their officers, agents, servants, employees, and attorneys). However, Petitioner has not presented sufficient argument to show that the TRO Order enjoined conduct by the Dallas Sheriff's Department, as an instrumentality of a separate sovereign government. *Cf. Vance v. Block*, 881 F.2d 1085 (9th Cir. 1989) (holding that the Federal Highway Administration was not a covered non-party for purposes of an injunction barring the Forest Service's reconstruction of a road); *see also U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC*, 523 F. Supp. 2d 328, 335 (S.D.N.Y. 2007) ("Rule 65(d) does not apply to collaboration between two agencies pursuing enforcement actions pursuant to different statutes").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01258-SPG-JDE | Date | April 9, 2026 |
| Title | Jose Batista Aguilera v. Warden of the Adelanto Detention Center et al. | | |

### III.    Analysis

Respondents do not address the above standards for issuing a preliminary injunction. *See* (Response). Instead, Respondents solely argue that Petitioner's release from ICE detention moots his habeas petition. *See* (*id.* at 2-3).

Whether Respondents' release of Petitioner from ICE custody pursuant to the TRO caused the Petition to be moot depends on whether the Petition continues to present a case or controversy under Article III, § 2 of the United States Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Thus, "[t]o maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." *Abdala v. INS*, 488 F.3d 1061, 1064-65 (9th Cir. 2007) (internal quotation marks omitted). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal quotation marks omitted).

This case continues to present a live controversy. In the Petition, Petitioner requests permanent, prospective relief in the form of an order to prohibit Respondents from re-detaining him without (1) a finding that Petitioner committed a violation of the conditions of his release or bond; and (2) written notice and an opportunity to respond. *See* (Petition at 21). In ordering Petitioner's release from custody, the TRO only granted Petitioner temporary and partial relief to maintain the status quo pending the Court's adjudication of the Petition. This relief is, "by definition, temporary." *Ortiz Martinez v. Wamsley*, No. 2:25-cv-01822-TMC, 2025 WL 2899116, at *4 (W.D. Wash. Oct. 10, 2025); *see* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—not to exceed 14 days—that the court sets.").

Petitioner is currently detained by the Dallas Sheriff's Department and faces a real and immediate threat of being re-detained by ICE, absent further relief from the Court. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[H]abeas corpus relief is not limited to immediate release from illegal custody, but [] the writ is available as well to attack future confinement."); *see, e.g., Esmail v. Noem*, No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025) ("Given the TRO's expiration . . . , the necessity of further injunctive relief maintaining the status quo during the pendency of litigation means the claim is necessarily *not* moot."); *Min v. Santacruz*, No. 2:25-CV-10971-MEMF-AS, 2025 WL 3764071, at *2 (C.D. Cal. Dec. 23, 2025) ("[T]he TRO, like the requested preliminary injunction, is inherently temporary; neither would outlive this case."); *Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) ("A habeas petition is not moot where preliminary relief is not made permanent.").

The Supreme Court's decision in *Nielsen v. Preap*, 586 U.S. 392 (2019), is instructive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-01258-SPG-JDE | Date | April 9, 2026 |
|---|---|---|---|
| Title | Jose Batista Aguilera v. Warden of the Adelanto Detention Center et al. | | |

in considering whether this case is moot. There, the Court reviewed two actions in which immigrants detained under 8 U.S.C. § 1226(c)'s mandatory-detention requirement brought class action claims alleging that they were entitled to a bond hearing. 586 U.S. at 400-01. The government argued that the case was moot because, "by the time of class certification the named plaintiffs had obtained either cancellation of removal or bond hearings." *Id.* at 403. However, the Supreme Court held that "those developments did not make the cases moot because at least one named plaintiff in both cases had obtained release on bond" pursuant to the district court's issuance of a preliminary injunction and, "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention." *Id.* The same is true here.

Moreover, Respondents have not provided any assurances that they will not re-detain Petitioner absent further relief. *Cf. Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (holding a petitioner's release from custody mooted a habeas petition based on a sworn declaration from the Director of the Los Angeles District Office of the Immigration and Naturalization Service attesting that the petitioner would remain on parole). Respondents have not filed a sworn declaration from a qualified official assuring that Petitioner will not be re-detained by ICE, nor have Respondents offered to submit such a declaration. *See Marin v. Noem*, No. 2:25-cv-09343-CV (SSCx), 2025 WL 3152261, at *2 (C.D. Cal. Oct. 21, 2025) ("They have provided no assurance—sworn or otherwise—that Petitioner will not again be detained unlawfully upon the expiration of the TRO or his discharge from the hospital."). Thus, Petitioner faces a real and immediate threat of re-detention by ICE absent a preliminary injunction. In light of Petitioner's request for prospective relief and the significant likelihood of re-detention by ICE, absent further judicial proceedings, the Court finds Petitioner's release from immigration custody pursuant to the TRO has not mooted the Petition.

Having found that the Petition is not moot, the Court otherwise concludes that a preliminary injunction should issue. In the absence of any contrary argument from Respondents, the Court adopts the reasoning articulated in the TRO Order and concludes that Petitioner is likely to succeed on the merits of his claim under the Fifth Amendment's Due Process Clause; Petitioner faces irreparable harm absent injunctive relief; and the balance of the equities and the public interest favors entering an injunction. *See* (TRO Order at 5-9).

## IV.    Conclusion

The Court thus GRANTS Petitioner's request for a preliminary injunction and ORDERS as follows:

    (1)    Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with Respondents are ENJOINED from re-detaining Petitioner, unless they demonstrate during a pre-deprivation bond hearing before a neutral

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-01258-SPG-JDE | Date | April 9, 2026 |
| Title | Jose Batista Aguilera v. Warden of the Adelanto Detention Center et al. | | |

decisionmaker that there has been a material change in circumstances justifying Petitioner's re-detention.

(2)     The parties are directed to follow the orders of the Magistrate Judge regarding further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg _____